IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3130-FL

| | | |
|---|---|---|
| JULIO ZELAYA SORTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PHILLIP STOVER and JOSEPH LIGHTSEY, | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 alleging that defendants Joseph Lightsey ("Lightsey") and Phillip Stover ("Stover") acted with deliberate indifference to his alleged spinal injury in violation of the Eighth Amendment to the United States Constitution. The matter is before the court upon defendants' motions for a protective order (DE 39, 41) and plaintiff's motion to compel discovery (DE 45). The issues raised have been fully briefed and are ripe for adjudication.

The court begins with defendants' motions for a protective order. Defendant Lightsey requests a protective order in this case, in part, because he intends to assert the defense of qualified immunity in a future motion for summary judgment, but has not yet had the opportunity to gather the necessary evidence to prepare the motion. Defendant Lightsey previously sought a protective order on this ground, and the court has already informed him that it cannot consider whether he is entitled to qualified immunity on the current record. (See DE 34, p.1.) Thus, defendant Lightsey will have to produce a more fully developed record in order to assert the defense of qualified immunity on summary judgment prior to requesting a protective order.

To the extent defendant Lightsey objects to plaintiff's interrogatories on the grounds that plaintiff has propounded more than the maximum number of interrogatories allowed by Federal Rule of Civil Procedure 33(a)(1), the court considers defendant's objection. Rule 33(a)(1) provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Defendant Lightsey responded to plaintiff's interrogatories, numbered 1-25, but did not respond to plaintiff's remaining interrogatories. The court finds that defendant Lightsey has properly objected to plaintiff's excessive number of interrogatories and the court SUSTAINS defendant's objection. See F.R. Civ. P. 33(a)(1); see also, Nix v. Holbrook, No. 13-2173, 2015 WL 733778, at *4 (D.S.C. Feb. 20, 2015); Cappacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 492 n.4 (W.D.N.C. 1998) ("In the absence of a protective order, the responding party's best course for adequately preserving its objection to supernumerary interrogatories is to answer up to the numerical limit and object to the remainder without answering.") Accordingly, defendant Lightsey's answers to plaintiff's interrogatories number 1-25 remain a part of the record, but defendant Lightsey is not required to provide further answers to interrogatories numbered after 25.

As for defendants' specific remaining objections to plaintiff's discovery requests set forth in their respective motions for a protective order, the court declines to address them at this time. Rather, as set forth below, the court DIRECTS the parties to confer in an effort to resolve their discovery disputes prior to filing any further discovery-related motions.

The court now considers plaintiff's motion to compel discovery. Plaintiff's motion to compel is not a model of clarity and it is not entirely clear what discovery materials plaintiff seeks. Plaintiff's motion also fails to comply with Federal Rule of Civil Procedure 37(a) and Local Rule

7.1(c) of the Local Rules of Practice and Procedure, which require that the movant certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions. Thus, plaintiff's motion is DENIED as premature. Plaintiff, however, is cautioned that, to the extent he seeks to discover information related to medical care provided to other inmates, such information is not relevant to plaintiff's claim that defendants acted with deliberate indifference to plaintiff's spinal injury. See Fed. R. Civ. P. 26(b)(1).

In summary, defendants' motions for a protective order (DE 39, 41) are DENIED without prejudice. The court, however, SUSTAINS defendant Lightsey's objections to the excessive number of interrogatories. Plaintiff's motion to compel (DE 45) is DENIED as premature to permit the parties the opportunity to confer and attempt to resolve any discovery disputes prior to the filing of any future discovery motions. Plaintiff is cautioned that any future motion to compel must be clearer and more concise than the instant motion.

SO ORDERED, this the 15th day of October, 2015.

LOUISE W. FLANAGAN
United States District Judge

3

Case 5:14-ct-03130-FL   Document 52   Filed 10/15/15   Page 3 of 3