IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3130-FL

| | | |
|---|---|---|
| JULIO ZELAYA SORTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PHILLIP STOVER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on plaintiff's motion to compel discovery and for expenses incurred (DE 62), to which defendants responded. Also before the court is plaintiff's unopposed pleading captioned "Motion Notification of Error in his N.C. Department of Public Safety Health Services-Utilization Review Summary" (DE 71) and defendant Stover's motion for a protective order (DE 73). Plaintiff responded to defendant Stover's motion for a protective order. In this posture, the issues raised are ripe for adjudication.

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 alleging that defendants Dr. Joseph Lightsey ("Lightsey") and Dr. Phillip Stover ("Stover") acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Specifically, plaintiff asserts that defendant Lightsey failed to provide adequate medical treatment for plaintiff's past injuries to his left arm, wrist, and hand, as well as his spinal injury. Plaintiff contends that defendant Stover acted with deliberate indifference to his spinal injury because he refused to approve three utilization review requests for an MRI on October 26, 2013, May 29, 2014, and October 21, 2014.

Plaintiff now is before the court seeking a court order compelling defendants Lightsey and Stover to produce the following: (1) segregation logs and videotapes created by correctional staff and maintained by the North Carolina Department of Public Safety; and (2) records relating to plaintiff's treatment by a consulting neurologist in September 2005 and February 2006, at Central Prison. Federal Rule of Civil Procedure 26 provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[D]iscovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." Herbert v. Lando, 441 U.S. 153, 177 (1979). However, a litigant may not use discovery requests to annoy, embarrass, oppress, or cause an undue burden or expense to his opposing party. See Fed. R. Civ. P. 26(c)(1). Additionally, the court has "substantial discretion" to grant or deny motions to compel discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

Beginning with plaintiff's request for segregation logs and videotapes, defendants assert that such materials are not within their care or custody. Plaintiff, additionally, has not shown how such materials are relevant to this action. Thus, plaintiff's motion to compel as to such materials is DENIED.

The court now turns to plaintiff's request for a copies of reports from neurology consultations which occurred in September 2005 and February 2006. Plaintiff states that the records are necessary to show that defendants acted with deliberate indifference to his medical needs by refusing to follow the recommendations contained in the neurologists reports. The court finds that this material is relevant to plaintiff's claim and proportional to the needs of the case. Based upon the foregoing, plaintiff's motion to compel is GRANTED.

The court next turns to plaintiff's motion for notification of error. Plaintiff's pleading is not a model of clarity. Plaintiff states in his motion that "defendant Stover, incorrectly referred to in plaintiff N.C. Department of public safety Health Services Utilization Review Summary, as 'MRI NECK SPINE' . . . ." (Pl.'s Mot. (DE 71), p. 2.) Plaintiff appears to ask that the court direct defendant Stover to amend plaintiff's medical records to reflect that he had an MRI of his lumbar spine and not his neck spine. Plaintiff's motion lacks merit, and is DENIED. Plaintiff may present evidence to refute the accuracy of the contested medical record to the extent the record is relied upon at a later date.

Finally, the court addresses defendant Stover's motion for a protective order. Defendant Stover requests that the court grant him a protective order excusing him from responding to plaintiff's "First Supplemental for Admissions Request(sic)" (DE 72) and "Second Request for Production of Documents." Defendants seek a protective order on the grounds that these discovery requests were untimely. Given plaintiff's *pro se* status, the court extends the discovery deadline to permit defendant Stover to respond to the discovery requests at issue. Thus, defendant Stover's motion for a protective order is DENIED.

In summary, the court rules as follows:

3

(1) Plaintiff's motion to compel (DE 62) is GRANTED in part and DENIED in part. Plaintiff's motion is GRANTED as to plaintiff's request for his 2005 and 2006 neurology reports. The remainder of plaintiff's motion is DENIED. Defendants are DIRECTED to respond to plaintiff's discovery request as set forth above. To the extent the records at issue are not within defendants' custody, the Department of Public Safety is DIRECTED to make the records available for discovery;

(2) To the extent plaintiff requests sanctions in connection with his motion to compel (62), his request is DENIED;

(3) Plaintiff's motion for notification of error (DE 71) is DENIED;

(4) Defendant Stover's motion for a protective order (DE 73) is DENIED;

(5) The court expands the discovery period to permit defendants to respond to the discovery requests at issue. No further discovery is permitted.

SO ORDERED, this the 1st day of March, 2016.

*[signature: Louise W. Flanagan]*

LOUISE W. FLANAGAN
United States District Judge